**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49943**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed: June 12, 2023** |
| Plaintiff-Respondent, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| LANCE CHARLES GARVER, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick Miller, District Judge.

Judgment of conviction and aggregate sentence of thirty years, with a minimum period of incarceration of twenty years, for voluntary manslaughter and aggravated battery, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Emily M. Joyce, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

———————————————————————

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

———————————————————————

PER CURIAM

Lance Charles Garver pled guilty to voluntary manslaughter, Idaho Code § 18-4006(1), and aggravated battery, I.C. §§ 18-903(1), -907(1)(a). In exchange, an additional charge and a sentencing enhancement were dismissed. For each charge, the district court imposed a sentence of fifteen years, with a minimum period of incarceration of ten years, with the sentences running consecutively to each other. Garver appeals, contending that his sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

1

need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Garver's judgment of conviction and sentences are affirmed.